IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ADAM BOGEMA,<br><br>Defendant-Petitioner. | Cr. No. 16-00451 JMS (03)<br>Civ. No. 21-00159 JMS<br><br>ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 304; AND (2) DENYING CERTIFICATE OF APPEALABILTY |

## ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 304; AND (2) DENYING CERTIFICATE OF APPEALABILITY

## I. INTRODUCTION

Currently before the court is Defendant-Petitioner Adam Bogema's ("Bogema" or "Defendant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition" or "§ 2255 Motion"). For the reasons discussed below, the court DENIES the Petition and DENIES a Certificate of Appealability.

///

///

///

## II. **BACKGROUND**

**A. Factual Background**

Bogema was indicted by a federal grand jury on July 13, 2016 for one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 1); and three counts of attempted possession with intent to distribute 50 grams or more of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Counts 2, 3, and 4). Amended Presentence Investigation Report ("PSR") ¶¶ 1-2, ECF No. 263 at PageID # 1488.[1] On May 5, 2017, Bogema pled guilty pursuant to a plea agreement to Count 1 of the Indictment. ECF Nos. 125, 128.

In a letter postmarked July 17, 2017, Bogema filed a pro se Motion to Withdraw Plea and Dismiss Counsel. ECF No. 156. Also on July 17, 2017, Bogema's then-counsel filed a Motion to Withdraw as Attorney. ECF No. 151. On July 25, 2017, the court granted the Motion to Withdraw and directed that new counsel be appointed. ECF No. 157. That same day, the court denied Bogema's Motion to Withdraw Plea and Dismiss Counsel, finding that the dismissal of

---

[1] For administrative purposes, the § 2255 Motion was filed both in the underlying criminal matter, Cr. No. 16-00451 JMS (03), and in a separate civil matter, Civ. No. 21-00159 JMS. All references to filings in this order are to the docket in the criminal matter.

counsel issue was moot and that Bogema, after consultation with his new counsel, could file a new motion to withdraw plea. ECF No. 158.

On July 26, 2017, Attorney Marcus B. Sierra ("Sierra") was appointed to represent Bogema. ECF No. 161. After Sierra's appointment, Bogema filed a new Motion to Withdraw Plea, ECF No. 188, which the court granted on September 20, 2017, ECF No. 200. On September 22, 2017, after consultation with Sierra, Bogema pled guilty without a plea agreement to Counts 1 through 4 of the Indictment. ECF No. 202; ECF No. 244 at PageID # 1327.

On June 12, 2018, Bogema was sentenced to a term of 300 months imprisonment to be followed by a five-year term of supervised release. ECF Nos. 262, 264.[2] The conviction and sentence were affirmed on appeal on June 8, 2020. ECF No. 282.

Bogema now contends that Sierra provided constitutionally ineffective assistance during sentencing. ECF No. 304. Bogema raises three grounds of ineffective assistance of counsel, alleging that Sierra failed to (1) seek a downward departure based on Bogema's mental and emotional condition and diminished capacity pursuant to United States Sentencing Commission Guidelines

---

[2] Bogema's Total Offense Level 35, Criminal History Category VI, resulted in a Guideline range of 292 to 365 months. ECF No. 265 at PageID # 1542. The court imposed a sentence of 300 months (concurrent as to all counts) to run concurrently with any future sentence imposed in Bogema's three other pending cases. ECF No. 264 at PageID # 1537.

("Guidelines") §§ 5H1.3 ("Mental and Emotional Condition") and 5K2.13

("Diminished Capacity"); (2) seek a variance pursuant to 18 U.S.C. § 3553(a)(1)

based on Bogema's mental and emotional conditions, educational efforts, and

family support; and (3) challenge the Guideline's drug quantity table as

unreasonable and not based on empirical data. *Id.* at PageID ## 2405-11.

## B.     Procedural Background

Bogema filed the instant Petition on March 12, 2021.[3]  ECF No. 304.

The United States filed a Response on April 29, 2021.  ECF No. 307.  Bogema

filed an optional Reply on May 14, 2021.  ECF No. 308.  The court determines that

the Petition is timely filed.  *See* 28 U.S.C. § 2255(f).

## III.  <u>STANDARD OF REVIEW</u>

The court's review is governed by 28 U.S.C. § 2255(a), which

provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which

---

[3] The Petition is deemed filed on the date Bogema gave it to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009).  Here, the Petition is dated March 12, 2021 and postmarked March 23, 2021.  ECF No. 304 at PageID # 2397; ECF No. 304-4 (envelope).  For purposes of this Motion, the court assumes that Bogema gave the Petition to prison officials for mailing on March 12, 2021.

imposed the sentence to vacate, set aside or correct the
sentence.

A court may deny a § 2255 motion if "it plainly appears from the
motion, any attached exhibits, and the record of prior proceedings that the moving
party is not entitled to relief."  R. 4(b) Governing § 2255 Proceedings in the U.S.
Dist. Cts.  A court need not hold an evidentiary hearing if the allegations are
"palpably incredible" or "patently frivolous or false" or if the issues can be
conclusively decided based on the evidence in the record.  *Blackledge v. Allison*,
431 U.S. 63, 76 (1977) (internal quotation and citation omitted); *see also United
States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (explaining that a "district
court has discretion to deny an evidentiary hearing on a § 2255 claim where the
files and records conclusively show that the movant is not entitled to relief").
Conclusory statements in a § 2255 motion are insufficient to require a hearing.
*United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).  A petitioner must
allege specific facts that, if true, would entitle the petitioner to relief.  *See United
States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v.
McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Because the court concludes that the § 2255 Motion can be decided
conclusively on the basis of the existing record, the court will not hold an
evidentiary hearing.  The court decides the § 2255 Motion without a hearing
pursuant to Local Rule 7.1(d).

# IV. <u>ANALYSIS</u>

As set forth above, Bogema raises three grounds of ineffective assistance, alleging Sierra failed to (1) seek a downward departure based on mental and emotional condition and diminished capacity pursuant to Guidelines §§ 5H1.3 ("Mental and Emotional Condition") and 5K2.13 ("Diminished Capacity"); (2) seek a variance pursuant to 18 U.S.C. § 3553(a)(1) based on Bogema's mental and emotional conditions, educational efforts, and family support; and (3) challenge the Guidelines drug quantity table as unreasonable and not based on empirical data. ECF No. 304 at PageID ## 2405-11.

The court begins by setting forth the applicable legal standards, and then addresses each argument in turn.

## A. Legal Standard for Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees the right to effective assistance of counsel at all critical stages of a criminal proceeding, including sentencing. *See United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997). To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). That is, the petitioner must show not only that there was a

deficiency, but that the deficiency was prejudicial. *Id*. at 692; *see also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."). "[I]t is unnecessary to consider the prejudice prong of *Strickland* if the petitioner cannot even establish incompetence under the first prong." *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998) (citing *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995)).

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. at 690-91. Conclusory allegations of ineffective assistance of counsel made with no factual or legal explanation fall well short of stating a cognizable claim for ineffective assistance of counsel. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

**B.    Bogema's Allegations of Ineffective Assistance**

### 1.    *Failure to Seek a Downward Departure Based on Mental and Emotional Condition and Diminished Capacity*

Bogema contends that Sierra rendered ineffective assistance by failing to seek a downward departure based on Guidelines policy statements §§ 5H1.3[4] (Mental and Emotional Condition) and 5K2.13[5] (Diminished Capacity).  ECF No. 304 at PageID # 2405.  More specifically, Bogema argues that a downward departure pursuant to both §§ 5H1.3 and 5K2.13 was merited because of his "lifelong struggle with debilitating social anxiety, hyperactivity, impulse control and 25 year struggle self-medicating with methamphetamine, a cycle that began and is tied to being medicated starting at age 6 with ADHD medication."  *Id.* at PageID # 2408.  Bogema further alleges that he "has supported his methamphetamine addiction with drug dealing," ECF No. 304 at PageID # 2411,

---

[4] Guideline § 5H1.3 provides that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the [G]uidelines."

[5] Guideline § 5K2.13 provides that "[a] downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."

Guideline § 5K2.13 also states that a departure is not authorized if "(1) the significantly reduced mental the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code."

and cites to his diagnoses of schizophrenia, bipolar disorder, agoraphobia, and antisocial personality disorder, *id*. at PageID ## 2399-400, 2409; ECF No. 308 at PageID # 2514. These arguments lack merit.

First, "[a]fter [*United States v.*] *Booker*, [543 U.S. 220 (2005),] the scheme of downward and upward departure has been replaced by the requirement that judges impose a reasonable sentence." *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2008) (citing *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006)). Thus, post-*Booker*, the Ninth Circuit reviews a "district court's application of the advisory sentencing guidelines only insofar as they do not involve departures . . . [and any] downward or upward departure [is treated as] an exercise of post-*Booker* discretion to sentence a defendant . . . [that] is subject to a unitary review for reasonableness, no matter how the district court styles its sentencing decision." *Mohamed*, 459 F.3d at 987. Stated another way, "framing of the issue as one about 'departures' has been rendered obsolete . . . [because] after *Booker* what is at stake is the reasonableness of the sentence, not the correctness of the 'departures.'" *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005).[6]

---

[6] The Ninth Circuit has adopted the Seventh Circuit's post-*Booker* framework for the consideration of downward departures and variances. *See, e.g., Mohamed*, 459 F.3d at 987 ("[The Ninth Circuit] side[s] with the Seventh Circuit and . . . elect[s] to review the district court's application of the advisory sentencing guidelines only insofar as they do not involve departures."); *see also* United *States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012) (*continued*…)

Under *Mohamed*, Sierra had no obligation to seek a downward departure at sentencing based on Guidelines §§ 5H1.3 and 5K2.13, and his choice not to do so was not objectively unreasonable. Stated differently, under the Ninth Circuit's unitary standard, Sierra should appropriately raise any issues involving mental health or diminished capacity as a request for a variance (which, as described below, he did), not a Guidelines departure. Thus, Bogema's downward departure argument does not meet the first prong of the *Strickland* test.

But even if Sierra should have sought downward departure specifically based on Guidelines §§ 5H1.3 and 5K2.13—which, to be clear, he did not have to do—neither guideline applies in Bogema's case. As to his mental and emotional condition argument, § 5H1.3 provides that departure based on mental and emotional condition may be warranted when those conditions are "present to an unusual degree and distinguish the case from typical cases covered by the [G]uidelines." Bogema asserts that because he "suffers from three separate and

---

("[The Ninth Circuit's] reading of *Mohamed* accords with the Seventh Circuit's . . . *Mohamed* followed the Seventh Circuit's approach in declining to review departures for procedural correctness."); *see Johnson*, 427 F.3d at 426 ("Now, instead of employing the pre-*Booker* terminology for departures, we have moved toward characterizing sentences as either fitting within the advisory guidelines range or not.").

Nevertheless, district courts continue to "tak[e] genuine guidance from all the Guidelines, including their departure provisions, as required under the amended [Guideline § 1B1.1]." *Vasquez-Cruz*, 692 F.3d at 1008 (citing *United States v. Guyton*, 636 F.3d 316, 319 n.2 (7th Cir. 2011)); *see also Mohamed*, 459 F.3d at 987.

distinct conditions," his "is not a 'typical case covered by the guidelines.'"  ECF

No. 308 at PageID # 2514.

But having several diagnosed conditions does not, without more

evidence, demonstrate that any condition is present to an unusual degree.  As

Bogema himself explains, "[m]any people with schizophrenia have other mental

disorders that often include[] an anxiety disorder," suggesting that his is not an

unusual situation.  *Id*. at PageID # 2516.

Further, the record demonstrates that Bogema's mental and emotional

condition is not so unusual that it is beyond control.  That is, when properly

medicated, Bogema's mental and emotional condition is stabilized.  *See*, *e.g.*, ECF

No. 304-1 at PageID ## 2417-18 ("When he is not on prescription medications and

then self-medicates, the 'Evil Ways' surface.  Conversely, when he is on those

prescription medications, a kind, respectful man that prays with his children and

family emerges.").  Yet Bogema has admitted to a history of choosing to self-

medicate with illicit substances rather than to remain on a prescribed medication

regimen.  *See*, *e.g.*, PSR ¶ 96, ECF No. 263 at PageID # 1513 ("He recalled seeing

a therapist regularly during [high school]; however, he only took medication when

it suited him, and he often self-medicated these feelings with illicit substances.");

PSR ¶ 101, *id*. at PageID # 1514 ("The defendant . . . was stable while taking anti-

psychotic medications [and] felt comfortable enough . . . to increase his

independence.  He over-estimated the stability of his mental health and went off his medications.  Thereafter, he relapsed on controlled substances[.]").

Although Bogema's long-standing mental and emotional health challenges are not to be minimized, *see, e.g.*, PSR ¶¶ 96-101, *id.* at PageID ## 1513-14; ECF No. 304-1 at PageID ## 2417-18; ECF No. 304-2 at PageID ## 2425, 2428-42, he offers nothing more than his own conclusory assertions to show that he has suffered from any mental or emotional condition to an *unusual* degree as required by § 5H1.3.  This is not enough.

And as for diminished capacity, Bogema's arguments fail as well. Section 5K2.13 applies where "a defendant suffers from significantly reduced mental capacity that contributed to the commission of his or her offense."  *United States v. Cantu*, 12 F.3d 1506, 1509 (9th Cir. 1993) (citing United States Sentencing Commission, *Guidelines Manual*, § 5K2.13 p.s. (Nov. 1991)).  "[T]o qualify for a diminished capacity departure, a defendant must show an inability 'to process information or to reason.'"  *United States v. Withers*, 100 F.3d 1142, 1148 (4th Cir. 1996) (quoting *United States v. Goossens*, 84 F.3d 697, 701 (4th Cir. 1996)).

Clearly, Bogema was not suffering from diminished capacity during the commission of the instant offenses.  He carried out a sophisticated drug distribution operation, arranging and engaging in complex drug transactions that

involved drug procurement, transport, and payment among numerous individuals for more than one year. PSR ¶¶ 7, 19-20, 25, 30, ECF No. 263 at PageID ## 1488-89, 1491-93; *see also* ECF No. 271 at PageID # 1588. Bogema himself explained to the court that he engaged in this criminal conduct because he was "blinded by greed." ECF No. 243-1 at PageID # 1309; ECF No. 304-1 at PageID # 2414.

Additionally, on at least two occasions, Bogema determined that certain shipments of methamphetamine were not of an approved quality. PSR ¶¶ 20, 22, ECF No. 263 at PageID ## 1491-92. And in one of those instances, Bogema arranged for an additional shipment of higher quality methamphetamine based on the poor quality of a particular shipment. PSR ¶ 20, *id*. at PageID # 1491. An individual with the type of diminished capacity contemplated by § 5K2.13 could not have done this. *See, e.g., Withers*, 100 F.3d at 1148 (finding that a downward departure based on diminished capacity was not warranted in a case in which a defendant "was fully capable of following a complex set of instructions to transport heroin successfully into the United States").

Thus, in addition to there being no reason for Sierra to have sought a downward departure based on Guidelines §§ 5H1.3 or 5K2.13 (as opposed to seeking a variance), Bogema's conclusory allegations have not shown "that counsel made errors so serious that [he] was not functioning as the 'counsel'

guaranteed [to Petitioner] by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Bogema's § 2255 arguments based on §§ 5H1.3 and 5K2.13 necessarily fail.

### 2.    *Failure to Seek a Variance Pursuant to 18 U.S.C. § 3553(a)(1)*

Closely related to the prior ground, Bogema next contends that Sierra

failed to seek a variance pursuant to 18 U.S.C. § 3553(a)(1) based on Bogema's

mental and emotional conditions, educational efforts, and family support, thus

providing ineffective assistance. ECF No. 304 at PageID # 2405. But this

argument is simply wrong—Sierra *did* seek a variance based on these factors.

Despite the sophistication of Defendant's criminal conduct and his

serious prior criminal history, Sierra nevertheless repeatedly argued that Bogema's

mental and emotional conditions warranted a variance below the advisory

Guideline range. First, Sierra's Sentencing Memorandum set forth a number of

arguments in support of a variance to a sentence of 188 months from the Guideline

range of 292 to 365 months. ECF No. 242 at PageID # 1295. In part, Sierra

argued for a variance based on Bogema's "long history of mental illnesses that [he]

has been battling for most of his lifetime, e.g., ADHD, bi-polar disorder and

schizophrenia," which "were a primary cause of his involvement in the use and

distribution of methamphetamine." ECF No. 242 at PageID # 1297. In further

support, Sierra provided a letter from Defendant's psychotherapist in support of a

sentence well below the Guidelines based on Bogema's "mental and emotional issues." ECF No. 242-5 at PageID # 1306.

Next, at the sentencing hearing, Sierra asked the court to consider that Bogema has "a mental condition which he had since a juvenile" that "weaken[s] his resistance to certain temptations [and] puts him in a position where his social skills are impaired." ECF No. 271 at PageID # 1572. And although characterizing Bogema as "not dealing with a full deck of cards" was inelegant, Sierra argued that Bogema's mental and emotional conditions are "well-documented," and while "[i]t's not an excuse, . . . it is something to consider" and "we can't ignore it." *Id*.

Bogema further asserts that Sierra did not "consult a professional either to testify or provide declaration as to the effects of reduced mental capacity and criminality." ECF No. 308 at PageID # 2515. There is no requirement for the presentation of a mental health provider's assessment in arguing for a sentencing variance based on § 3553(a). Regardless, as stated above, Sierra included in his Sentencing Statement a letter from a former psychotherapist who treated Bogema in 2012. ECF No. 242 at PageID # 1296; ECF No. 242-5 at PageID # 1306 ("[Bogema] was eager . . . to get help for the mental and emotional issues from which he suffered," and "he and society would benefit from him getting specialized treatment for his mental illness."). To the extent that Sierra failed to retain a mental health professional to provide direct testimony or otherwise attest

to "the effects of reduced mental capacity and criminality" for the purposes of sentencing, this failure does not amount to ineffective assistance.

Additionally, Bogema's PSR—reviewed carefully by the court— summarized in detail his mental and emotional history and conditions, as well his substance abuse history. PSR ¶¶ 86-87, 92, 96-107, ECF No. 263 at PageID ## 1511-15. The court accepted these facts as true and considered them when imposing Bogema's sentence. ECF No. 271 at PageID # 1577 (court stating that "I do adopt . . . the factual findings in the [PSR] as my own"); *id.* at PageID # 1591 ("[T]here's some mitigating factors here, the mental health issues, and Mr. Sierra went through that and it's in the report . . . I do certainly take that into account."); *id.* at PageID # 1593 (specifying that the court believed a "substantial sentence under [§ 3553](a)(2) [was] required," even after "taking into account the mitigating circumstances, including mental health").[7] And the prison sentence imposed by the court—300 months—fell at the lower end of the Guideline range of 292 to 365 months, *see* ECF No. 263 at PageID # 1528, despite numerous aggravating factors, including Bogema's substantial criminal history, his leadership role, and the significant amount of drugs involved in his criminal conduct, *see, e.g.*, *id.* at PageID # 1531; ECF No. 271 at PageID # 1588.

---

[7] The Government, too, raised Bogema's mental health as a mitigating factor for the court to consider during sentencing. ECF No. 271 at PageID # 1581 ("And as stated by his counsel, Mr. Bogema has been diagnosed with mental health issues.").

Bogema further argues that his "family support and his significant efforts while incarcerated to pursue his education are positive and mitigating factors." ECF No. 304 at PageID # 2411. But Sierra did, in fact, raise Bogema's educational strides and familial support as mitigating factors during sentencing. ECF No. 271 at PageID ## 1573-74. These, too, were considered and accepted by the court. *Id*. at PageID # 1591 ("Now I do understand there's some mitigating factors here . . . I do understand that you've taken courses at FDC and have the support of family.").

In short, the record plainly reflects that Sierra argued for a variance based on Bogema's mental and emotional conditions, educational pursuits, and family support. Thus, there is no basis for finding that performance of counsel in this regard was deficient. *See Strickland*, 466 U.S. at 687-88.

### 3. Failure to Challenge the Court's Reliance on § 2D1.1 of the Guidelines Regarding Drug Quantity

Finally, Bogema claims that his counsel's failure to challenge the court's alleged "over reliance" on the Guidelines drug quantity table constitutes a violation of his constitutional right to effective assistance. ECF No. 304 at PageID # 2405. This claim, too, lacks merit.

Bogema argues that because the Guidelines drug quantity table is not based on empirical data, his base offense level—a calculation determined by drug

17

quantity—should not be presumed reasonable. *Id.* at PageID # 2406.[8]  But Sierra's

failure to challenge, on policy grounds, any reliance of the court on § 2D1.1 does

not indicate a failure to provide reasonably effective assistance, particularly in light

of the totality of Bogema's criminal conduct and history.  Bogema's policy

argument plainly ignores many of the salient facts of his case—specifically his

leadership role in the criminal conduct for which he was sentenced as well as his

very lengthy criminal history—that distinguish his from another drug case that may

warrant consideration of a § 2D1.1 policy disagreement.  It also ignores the court's

obligation pursuant to § 3553(a)'s parsimony clause to impose a sentence that is

"*sufficient*, but not greater than necessary" to comply with the goals of sentencing.

And, here, a sentence of 300 months was appropriate under the parsimony clause.

 To be clear, the court understands that § 2D1.1 is not based on

empirical data.  That is, "in developing the Guidelines sentences for drug-

trafficking offenses," the United States Sentencing Commission developed a drug

quantity table based on drug type and weight and "did not use [the same] empirical

approach" that it used when developing the rest of the Guidelines.  *Kimbrough v.*

*United States*, 552 U.S. 85, 96 (2007).  Given this non-empirical approach, district

---

[8] In his Petition, Bogema states that he "doesn't disagree with the 'accuracy' of the level 38 starting base offense level" based on the substantial quantity of methamphetamine trafficked in his case.  ECF No. 304 at PageID # 2406.  In fact, Bogema's base offense level was 34.  PSR ¶ 45, ECF No. 263 at PageID # 1496.

courts have discretion to vary downward based on a policy disagreement with the drug quantity table. *Id.* at 109-10; *see, e.g.*, *United States v. Dafang*, Cr. No. 14-00722 JMS, ECF No. 22 at PageID ## 132-35[9] (varying downward based on a policy disagreement with the Guidelines drug quantity table and explaining that this authority is derived from *Kimbrough*); *United States v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249, 1253-54 (D.N.M. 2017). But discretion is not a mandate; simply because a court *may* vary downward based on a policy disagreement, it does not follow that it *must*.

Here, the court rightfully relied on § 3553(a)'s parsimony clause to reach its sentence:

> So when I take a look at all the factors and the parsimony clause, I do think a significant sentence in this case is required given the nature and circumstances of the offense conduct and the defendant's role in this conspiracy, looking at his criminal history and his inability to comply with conditions of parole and probation, and his just continually committing crimes and taking into account the mitigating circumstances, including the mental health . . . . You know, the parsimony clause calls for a sentence that is sufficient, but not greater than necessary—has to be sufficient, but not greater than necessary to comply with the purposes of sentencing—of [§3553](a)(2), and here I just believe a significant sentence is required.

---

[9] This court has long been aware of its discretion to vary downward based on a § 2D1.1 policy disagreement, and, in *Dafang*, it did so by varying downward two levels based on a policy disagreement as it pertains to the 500 to 1 MDMA sentencing ratio. *Id.*

ECF No. 271 at PageID ## 1593-94.  In short, while the court could have varied downward based on a policy disagreement with § 2D1.1, it chose not to, given its consideration of Bogema's criminal conduct, criminal history, and the interests of justice in the aggregate.

Likewise, Sierra's decision to concentrate on the § 3553(a) factors, rather than raise a policy-based objection to § 2D1.1, was not objectively unreasonable.  *See, e.g.*, *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation.").  Sierra's representation of Bogema during the sentencing phase of the underlying matter clearly fell "within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *see Siripongs*, 133 F.3d at 736 ("[T]he relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable."); *see also Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("Counsel is not required to present every nonfrivolous defense[.]").  Accordingly, the court denies Bogema's Petition as to his § 2D1.1 claim.

///

///

///

# V.  CERTIFICATE OF APPEALABILITY

In denying the Petition, the court must also address whether Bogema should be granted a certificate of appealability ("COA").  *See* R. 11(a) Governing § 2255 Proceedings in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient."  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further."  *Id*. (internal quotations and citation omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability should issue only if a prisoner shows, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  The standard "requires something more than the absence of frivolity but something less than a merits determination."  *Hayward*, 603 F.3d at 553.

The court carefully reviewed Bogema's assertions and gave him every benefit by liberally construing them.  Bogema had the opportunity to explain his

assertion in response to the Government's Opposition and evidence. Based on the above analysis, and considering all of the allegations in Bogema's Petition and Response, the court find that reasonable jurists could not find the court's rulings debatable. Accordingly, a COA is DENIED.

## VI. **CONCLUSION**

For the foregoing reasons, the court DENIES Bogema's § 2255 Motion and DENIES a Certificate of Appealability. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 22, 2021.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Bogema*, Cr. No. 16-00451 JMS (03), Civ. No. 21-00159 JMS, Order (1) Denying Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 304; and (2) Denying Certificate of Appealability

22